MARY R. BROWN & another *vs.* J. W. MERRILL & others.

Suffolk. March 17. — June 30, 1881. COLT, LORD & DEVENS, JJ., absent.

A will contained the following clause: " To my wife M. I bequeath, demise and assign, and, in case of her death, then to her heirs and assigns forever, all the residue of my property, this not to conflict with her rights of dower, should there be children born to us, then the child or children to share alike with my wife as residuary legatee." The testator died without children. *Held,* that his wife took an estate in fee.

BILL IN EQUITY, filed February 19, 1881, by Mary R. Brown and Frank Brown, to compel the specific performance by the defendants of an agreement to purchase certain real estate in Boston. Hearing before *Field,* J., who reported the case for the consideration of the full court, in substance as follows:

The sole title of the plaintiffs to said real estate was derived under the will of Horatio W. Preston, which was duly proved and allowed, and the residuary clause of which was as follows: " To my darling wife, Mamie R. Preston, I bequeath, demise and assign, and in case of her death, then to her heirs and assigns forever, all the residue of my property, this not to conflict with her rights of dower, should there be children born to us, then the child or children to share alike with my wife as residuary legatee."

The testator died on October 13, 1878, seised and possessed of said real estate in fee simple, leaving a widow, the female plaintiff (now the wife of the other plaintiff), and no issue, there having been no child or children born to them. The title now remains in the female plaintiff.

The plaintiffs are now residents of the State of Maryland, where the testator lived, and where the will was proved and allowed. The will was also afterwards duly proved and allowed in this Commonwealth.

By consent of parties, the statutes of Maryland and the reported decisions of its courts may be read and considered as evidence of the law of Maryland, if and so far as the same may be applicable.

*F. Peabody, Jr.,* for the plaintiffs.

*B. L. M. Tower,* for the defendants.

MORTON, J. This case turns upon the question, whether under the residuary clause of the will of Horatio W. Preston his widow took a fee or an estate for life. The will was evidently drawn by an unskilled hand, but we think it appears from it with reasonable certainty what were the intentions of the testator. The words, " to my darling wife I bequeath, demise and assign all the residue of my property," are sufficient to carry an estate in fee in his real property. If they stood alone, no one would doubt that it was intended to give a fee. The added words, " and, in case of her death, then to her heirs and assigns forever," are susceptible of several constructions. They may have been intended to provide for the case of the death of his wife before the testator, in which case, as she has survived him, they are inoperative, and would not defeat or cut down the fee given her by the first part of the devise. Or they may have been used as equivalent to the words " at her decease," in which case under our laws she would take an estate for life with remainder to her heirs. Gen. Sts. *c.* 89, § 12. Or it may have been that the testator, having an imperfect knowledge that the words " heirs and assigns" are commonly used in deeds and wills to denote a fee, intended to use these words as words of limitation, supposing that the devise was equivalent to a devise *to* his wife, " her heirs and assigns." This is the only construction which gives any effect to the words " and assigns." In which case, by rejecting the words " in case of her death then " as surplusage, and inadvertently and ignorantly used, the wife would take a fee.

The prime object in construing a will is to ascertain the intention of the testator. This, being ascertained, will prevail, unless it is inconsistent with some fixed rule of law. There are no established rules of law which fix the construction which must necessarily be given to the inartificial and peculiar language used in this will, and therefore we must look to the whole will to ascertain the intentions of the testator.

If the testator had intended to give his wife only a life estate, he would naturally have used the words " for her life," or " for her natural life," these being the most direct and most commonly used, and therefore the most probable words which would occur to the ordinary mind. The fact that they are not used has

some tendency to show that he intended to give a fee. In the last words of the devise, he speaks of her as "residuary legatee," an expression implying that she is to have the residuum, that is, all the residue of his property, and not merely a partial interest in it. But a stronger reason for supposing that he intended his wife to take a fee is found in the clause making provision for his children, if he should have any. This clause is "should there be children born to us, then the child or children to share alike with my wife as residuary legatee." We can have no doubt that he intended that his children, if he had any, should take estates in fee in their shares, and the direction that they are "to share alike with my wife as residuary legatee" implies, almost conclusively, that his understanding was that by the terms of the will she was to take an estate of the same nature as the estate which his children would take, that is, an estate in fee, and not merely a life estate.

We are therefore of opinion that the testator's intention was to give his wife a fee, and that this intention may be carried into effect either by construing the words " in case of her death then to her heirs and assigns forever " to mean " if she shall die before me," or by construing them as meant to be the ordinary words of limitation used to denote a fee. As events have happened, it is immaterial which of these constructions is adopted, and it is not necessary to decide between them. Upon either, the will gives to the plaintiff a fee ; she and her husband joining with her can convey to the defendants a good title ; and, according to the terms of the report, a decree should be entered for the plaintiffs as prayed for in their bill.

It is not shown or suggested that the laws of Maryland, where the testator died, differ from our laws so as to affect the result of this case, and we are therefore not called upon to consider whether the laws of Maryland or of this State should govern in case they had been different.          *Decree for the plaintiffs.*